IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. 17 CV 2229 |
| v. ) | Hon. Virginia M. Kendall |
| KENNETH PEARSON ) | |

## MEMORANDUM ORDER AND OPINION

Pursuant to 28 U.S.C. § 2255, Petitioner Kenneth Pearson filed this *pro se* Motion to Vacate, Set Aside, or Correct Sentence based on a claim of ineffective assistance of counsel. (Dkt. 1.) The Court sentenced Pearson below the guideline range. Nevertheless, Pearson now challenges his sentence more than one year after his conviction became final and attempts to circumvent his PLRA filing bar by presenting a meritless ineffective assistance of counsel claim. For the reasons set forth below, Pearson's Motion is [1] denied.

## BACKGROUND

Pearson led a counterfeit check scheme that compromised over 100 bank customers' accounts and cost financial institutions over $1,000,000. *United States v. Pearson*, 12 CR 904-1 Cr. Dkt. 525 at 1.[1] Between 2010 and 2012, Pearson and his associates stole bank customers' information and copies of checks they had written. (*Id.*) They then used this information to create counterfeit checks that were made out to "runners" who were recruited by Pearson and his

---

[1] The record in Pearson's underlying criminal case (12 CR 904-1) is cited herein as "Cr. Dkt." followed by the document number.

1

associates. (*Id.* at 2.) The runners cashed the checks and divided the proceeds among the runners, Pearson, and Pearson's associates. (*Id.*)

On December 20, 2012, a federal grand jury returned a thirty-three count indictment charging Pearson with bank fraud and aggravated identity theft. (Cr. Dkt. 14.) On September 29, 2014, Pearson pled guilty to participating in a scheme to defraud financial institutions in violation of 18 U.S.C. § 1344 (Count Three) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Thirty-Three). (Cr. Dkt. 493.)

The guideline sentencing range for Count Three was 97 to 120 months and Count Thirty-Three carried a mandatory minimum sentence of 24 months' imprisonment. (Cr. Dkt. 684.) On January 12, 2015, this Court sentenced Pearson to 80 months' imprisonment for Count Three (below the guideline range) and the mandatory consecutive 24 months for Count Thirty-Three and four years of supervised release. (Cr. Dkt. 540.)[2] Pearson did not appeal his conviction or sentence.

On March 22, 2017, Pearson filed this Motion seeking relief from what he alleges is a sentence in excess of the maximum authorized by law. He reaches this conclusion on the erroneous basis that "the only way supervised release can be imposed as part of the sentence of imprisonment…is if it comes out of the maximum imprisonment authorized." (Dkt. 1 at 4.) He claims that his lawyer provided inadequate counsel by failing to make this argument at sentencing. (*Id.* at 1.) He further claims that despite his filing this motion long after the one year statute of limitations had expired for this motion, the limitations period did not begin tolling until he learned of his counsel's error through due diligence. Accordingly, he argues that his Motion is not time-barred under § 2255(f)(4). (*Id.* at 1–2.) For the following reasons, Pearson's claim is time-barred and, even if it were timely, his ineffective assistance of counsel claim is meritless.

---

[2] On March 11, 2015, the Court entered an amended sentencing order to correct a clerical error. (Cr. Dkt. 573.)

## STANDARD OF REVIEW

In relevant part, 28 U.S. § 2255(a) provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed… was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." The statute provides relief to a defendant only in "extraordinary situations, such as an error of constitutional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Black v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). Relief under this statute is rare because it requires the Court to "reopen the criminal process to a person who has already had full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Likewise, §2255 provides relief for Sixth Amendment claims of ineffective assistance of counsel only when the prisoner can demonstrate that counsel's performance was so deficient as to be "objectively unreasonable under prevailing professional norms" and that he suffered prejudice as a result of counsel's deficient performance. *United States v. Parker*, 2016 WL 7034131 (7th Cir. 2016), quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Accordingly, if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

## DISCUSSION

I. **Statute of Limitations and § 2255(f)(4)**

Pursuant to § 2255(f), § 2255 motions are subject to a one year period of limitations, which begins to run on the latest of the following:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pearson has not alleged that the government impeded his Motion in any fashion or that the Supreme Court has recognized a new rule applicable to his situation. Subsections two and three are thus irrelevant, so the limitations period for purposes of this action either began tolling on March 11, 2015, the date on which judgment of conviction became final, or at a later date upon which Pearson's due diligence could have made him aware of the possibility that he had a claim for relief under § 2255.

Pearson asserts that he was diligent in pursuing his claim but he is ignorant of the law and without an attorney to help him decipher complicated sentencing statutes. For tolling to apply, Pearson must be able to demonstrate more than procedural ignorance of the law. *See Johnson v. Chandler*, 224 Fed. App'x 515, 519 (7th Cir.2007) (gathering cases); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir.2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Pearson does not further develop his tolling argument beyond his assertion of ignorance and the Court does not find any other appropriate basis.

Moreover, Pearson filed his Motion a significant amount of time beyond the limitations period. There is no precedent suggesting that tolling for over a year is permissible on account of ignorance of the law. On the contrary, even periods of less than a year are too long to grant a petitioner the benefit of tolling. *See Montengro v. United States*, 248 F.3d 585 (7th Cir. 2001)

4

(ten-month wait is too long), overruled on other grounds by *Ashley v. United States*, 248 F.3d 585, 592 (7th Cir. 2001); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (7th Cir. 2008) (three-month wait is too long).

Therefore, March 11, 2015, the date on which judgment of conviction became final, is the date the clock began for purposes of the statute of limitations. Because the petition was filed over a year later, it is time-barred and the Court need not address the merits of his petition. *See Cooper v. United States*, 199 F.3d 898 (7th Cir. 1999) (declining to address the merits of a time-barred § 2255 habeas petition). Most likely recognizing that he has no reason for the delay, Pearson attempts to excuse the delay by alleging ineffective assistance of counsel. If a petitioner's delay was caused by ineffective assistance of counsel, he is not barred from filing his claim.

## II. Ineffective Assistance of Counsel

Pearson claims that his attorney provided ineffective assistance by failing to contest the Court's imposition of a term of supervised release in addition to a term of imprisonment. (Dkt. 1 at 7.) Under Pearson's theory, 18 U.S.C. § 3583(a) only allows courts to impose supervised release as a part of the term of imprisonment. In other words, because his combined prison and supervised release term is longer than the maximum authorized term of imprisonment he could face for his offenses, he claims that the Court must reduce his term of imprisonment by the number of years of his term of mandatory supervised release. (*Id.*) According to Pearson, his attorney provided objectively unreasonable assistance in failing to make this argument at his sentencing hearing. (*Id.*) This claim does not comport with the statutory language, Congress's intent in passing it, or the relevant case law.

Under *Strickland v. Washington*, a defendant's Sixth Amendment right to counsel is violated when (1) counsel's performance was deficient, meaning "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) counsel's deficient performance prejudiced the defendant such that but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. 466 U.S. 668, 687 (1984). As to the first prong, the "[C]ourt must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume a "sound trial strategy." *Id.* at 689; *see Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000). A defendant must identify specific acts or omissions by counsel that constitute ineffective assistance and the Court then considers whether they are outside the wide range of professionally competent assistance based on the facts of the case. *See Menzer*, 200 F.3d at 1003. The second *Strickland* prong requires the defendant to prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Congress passed the Sentencing Reform Act of 1984, which replaced the parole system with supervised release, a court-monitored period intended to promote rehabilitation, deterrence, training, protection of the public, and reduction of recidivism. *Johnson*, 529 U.S. at 59. Unlike parole, conditions of supervised release are imposed as part of the sentence. *United States v. Siegel*, 753 F.3d 705, 707 (7th Cir. 2014). And unlike parole, supervised release does not operate to shorten the custodial period of a defendant's sentence. *United States v. Kappes*, 782 F.3d 828, 836 (7th Cir. 2015).[3] The legislative history indicates that Congress passed this bill so

---

[3] Of course, a sentencing judge may take into account the length of a prison sentence in calculating the period of supervised release and vice-versa so as to strike a balance that best serves the interests of "deterrence, rehabilitation, and protecting the public." *United States v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015) (quoting *Kappes*, 782 F.3d at 848).

as to reduce the uncertainty associated with imprisonment terms caused by the parole system. S. Rep. No. 98–225 at 56. Supervised release was meant to eliminate that uncertainty, making it clear how long a defendant would spend in prison, after which he or she would be subject to the authorized supervised release periods described in § 3583(b). *Id.*

Relevant to Pearson's claim, Section 3583(a) provides that "[t]he Court, in imposing a sentence to a term of imprisonment for a felony…, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." Pearson was convicted of a Class B felony offense (bank fraud) and a Class E felony (aggravated identity theft), so under § 3583(b), the recommended term of supervised release adds up to not more than six years. The Court only imposed four years of supervised release. Pearson reads § 3583 to indicate that the Court must reduce his sentence of imprisonment by the four years he will spend under court monitoring in supervised release. However, the Supreme Court rejected this argument in *United States v. Johnson*, 529 U.S. 53 (2000). Under *Johnson,* supervised release commences on the date on which a prisoner is released, which indicates that supervised release is imposed in addition to, not in place of, a term of imprisonment. Supervised release on the end of prison sentences is appropriate in order to serve entirely distinct goals from those served by incarceration.

Pearson's analysis of the case law on the issue of supervised release is misguided. For example, Pearson cites to *United States v. Barlow*, where the Fourth Circuit clearly held that "supervised release unambiguously does not constitute part of the term of incarceration." 811 F.3d 133, 138 (4th Cir. 2015). *Barlow* also cites the sentencing guidelines, which provides that "a term of supervised release does not replace a portion of the sentence of imprisonment, but rather is an order of supervision in addition to any term of imprisonment imposed by the court."

7

U.S. Sentencing Guidelines Manual ch. 7, pt. A(2)(b) (U.S. Sentencing Comm'n 2015). Nevertheless, Pearson erroneously believes that *Barlow* helps him because of its reference to North Carolina's treatment of supervised release, where the state legislature includes a period of post-release supervision as part of the felon's term of imprisonment. *Barlow*, 811 F.3d at 138. But, "only North Carolina law includes [post-release] supervision in the term of imprisonment." *Id.* A federal judge applying federal law, by contrast, may "only impose supervised release in addition to, and subsequent to, a term of imprisonment." *Id.* (citing 18 U.S.C. § 3583(a) (2012)). This Court follows federal sentencing law, not the North Carolina legislature.

Given that Pearson's argument lacks any merit, he does not demonstrate his counsel was deficient in failing to raise it and it follows that there was no prejudice.

## **CONCLUSION**

For the foregoing reasons, Pearson's Motion [1] is dismissed.

                                                                                     _____
                                                                                     Hon. Virginia M. Kendall
                                                                                     United States District Judge

Date: July 11, 2017